Filed 7/7/26  P. v. American Surety Co. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AMERICAN SURETY COMPANY,<br>　　　　Defendant and Appellant. | C104072<br><br>(Super. Ct. No. 21FE009244) |

American Surety Company (American Surety) appeals from the trial court's order denying its motion to vacate forfeiture of a bond and the court's subsequent judgment against it.  American Surety contends the court lost jurisdiction over the bond when the court failed to declare forfeiture at hearings in which the defendant failed to appear without sufficient excuse.  We disagree and affirm.

**BACKGROUND**

On May 29, 2021, American Surety, through its agent Act Fast Bail Bonds, posted a bond of $50,000 for the release from custody of defendant Desmond Scott.

On June 2, 2021, Scott appeared for arraignment through counsel under Penal Code section 977.[1]  The trial court recited that Scott was charged with evading police

---

[1]　Undesignated statutory references are to the Penal Code.

1

officers, driving recklessly, three counts of being a felon in possession of a firearm, one count of vandalism, and a count of possession of marijuana for sale. The court confirmed with Scott's counsel that he had been retained by Scott, and counsel waived further arraignment and stipulated to advisement of rights. The public defender, appointed as counsel for Scott's codefendant, J.P., also appeared under section 977 and waived formal arraignment and advisement of rights. Both counsel requested a continuance to July 21, 2021, which became the court's order.

Scott appeared through counsel under section 977 for status conferences on July 21, 2021, and October 18, 2021. Scott appeared in person for a status conference on November 17, 2021, and the court set a preliminary hearing for December 27, 2021. On December 27, 2021, Scott appeared through counsel under section 977 for the preliminary hearing, which was continued.

On April 6, 2022, Scott appeared through counsel under section 977 for the preliminary hearing. Defense counsel stated his appearance as "Hendrick Crowell, II, 977 with authority for Mr. Scott." Counsel requested a continuance to May 12, 2022, noting that the prosecutor and codefendant's counsel agreed to that date. Scott's counsel explained, "[w]e just recently settled a civil forfeiture action and now we're in a position to try to resolve the case, hopefully by May 12th." The court subsequently said: "Mr. Crowell, you've indicated a good cause basis to continue this matter to May 12th at 8:30. You said you have 977 authority. You have authority to continue [to] waive time … on behalf of your client. [¶] Is that the case, Counsel?" Counsel confirmed that it was. The trial court engaged in the same colloquy with codefendant's counsel. The court then ordered the preliminary hearing continued to May 12, 2022.

Scott appeared through counsel on May 12, 2022, under section 977 for a preliminary hearing, which was continued to June 2, 2022. At the May 12, 2022, hearing, the minute order notes that the trial court granted Scott's counsel's oral motion to appear for Scott under section 977. On June 2, 2022, Scott appeared in person for the

2

preliminary hearing, which the trial court continued to June 28, 2022. On June 28, 2022, Scott did not appear personally but appeared through counsel. Counsel stated he had proof Scott was experiencing COVID-19 symptoms from a family member who had COVID-19. The trial court issued and stayed a bench warrant until July 21, 2022. On July 21, 2022, Scott appeared in person remotely. The trial court dismissed the bench warrant and continued the preliminary hearing to August 30, 2022. Scott appeared personally on August 30, 2022, the trial court continued the preliminary hearing to September 22, 2022, and again continued the preliminary hearing to October 27, 2022.

On October 27, 2022, Scott appeared through his counsel under section 977. In response to the trial court's question, "Good cause?" the prosecutor explained that counsel for codefendant had recently received the case, and all parties agreed to a continuance until December 14, 2022. The court continued the matter to that date.

On December 14, 2022, Scott appeared through counsel under section 977. Defense counsel explained that Scott had a doctor's note that his partner had surgery, and Scott was the caregiver for their children. The prosecutor agreed to a continuance to January 31, 2023. On January 31, 2023, Scott personally appeared, and the trial court continued the matter to March 2, 2023, ordering both defendants to appear.

On March 2, 2023, Scott failed to appear. Defense counsel explained that Scott was ill with COVID-19 or flu symptoms and had a doctor's note ordering him to stay home from March 1 to March 3, 2023. The trial court excused Scott's appearance under section 1305.1. The court continued the matter to April 6, 2023, and ordered both defendants to appear. Scott failed to appear on April 6, 2023. Defense counsel explained that Scott missed his flight, also was ill, and provided a doctor's letter. The parties agreed to a continuance until May 4, 2023, but the prosecutor stated that the People would object to any further continuances. The trial court continued the matter to May 4, 2023, issued a warrant for Scott, and stayed the warrant until the date of the continued hearing.

Scott personally appeared on May 4, 2023.  Due to new discovery being delivered, the trial court continued the preliminary hearing to June 13, 2023.  On June 13, 2023, Scott did not personally appear.  Defense counsel offered a doctor's note explaining that Scott was in the hospital with his mother who was having surgery that day.  The trial court excused Scott's appearance under section 1305.1.  The court continued the preliminary hearing to August 29, 2023.

On August 29, 2023, Scott failed to personally appear.  Scott's counsel explained that Scott resided in Georgia and had tested positive for COVID-19, offering proof of test results from a sample collected two days before.  The trial court continued the preliminary hearing to September 27, 2023.

On September 27, 2023, Scott failed to appear, and the court ordered the bond forfeited.  A notice of forfeiture was sent to American Surety on October 5, 2023.  On January 7, 2025, a notice of entry of summary judgment against the bond was sent to American Surety.

On February 10, 2025, American Surety filed a motion to set aside summary judgment, discharge forfeiture, and exonerate bail.  American Surety argued the trial court lost jurisdiction over the bond when it failed to declare forfeiture on June 2, 2021, April 6, 2022, and October 27, 2022.  In opposition, the People argued the trial court retained jurisdiction over the bond as California Rules of Court, emergency rule 5 and section 977 permitted appearance through counsel on those dates.  Alternatively, the People argued the court retained jurisdiction under section 1305.1, because of its reasonable belief that sufficient cause existed to excuse Scott's appearance.  On reply, American Surety argued the docket reflected Scott was ordered to appear on June 2, 2021, April 6, 2022, and October 27, 2022, section 977 did not excuse Scott's appearance, and emergency rule 5 did not excuse Scott's appearance because his defense counsel did not comply with the rule.

4

On May 14, 2025, the trial court conducted a hearing on American Surety's motion and denied it, finding there was a valid waiver of personal appearance under section 977.

American Surety timely appealed from the order denying its motion.

## DISCUSSION

American Surety contends the trial court erred when it failed to declare the bond forfeited when Scott failed to appear on June 2, 2021, April 6, 2022, and October 27, 2022, without sufficient excuse in the record. We disagree.

" 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' " (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National*).) "[A] bail bond is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 22.) When a defendant fails to appear, " 'the surety becomes the absolute debtor of the state for the amount of the bond.' " (*People v. Amwest Surety Ins. Co.* (1991) 229 Cal.App.3d 351, 356.) The statutes regarding bond forfeiture — sections 1305 and 1306 — are strictly construed in favor of the surety to avoid forfeiture, which is traditionally disfavored. (*People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 805.) Nevertheless, a trial court is required to declare the bond forfeited if, without sufficient excuse, a defendant fails to make a lawfully required appearance in court. (§ 1305, subd. (a)(1)(A)-(E); *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.) "If the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later." (*Safety National*, at p. 710.)

Section 977, subdivision (b)(1), although not expressly related to bail, requires a defendant's personal appearance when a felony is charged "at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence

5

is taken before the trier of fact, and at the time of the imposition of sentence," as well as "at all other proceedings unless they waive their right to be … present, with leave of court and with approval by defendant's counsel" (§ 977, subd. (b)(1).) An "other proceeding[]" at which a defendant must be present under section 977, subdivision (b)(1) "constitutes a 'lawfully required' appearance for which [a defendant's] unexcused absence may justify the forfeiture of bail" under section 1305, subdivision (a)(1)(D). (*Safety National, supra*, 62 Cal.4th at p. 716.)

Through June 29, 2022 — i.e., at the time of Scott's June 21, 2022, and April 6, 2022, hearings — section 977, subdivision (b)(1) required a defendant's waiver of presence to be written and executed in open court and did not allow waiver of appearance at an arraignment or during a preliminary hearing. (Former § 977, subd. (b)(1); *Safety National, supra*, 62 Cal.4th at pp. 710-711.) However, application of section 977 was temporarily superseded by an emergency rule that allowed criminal defendants to waive personal appearances and permitted counsel to appear notwithstanding any other laws, including section 977. In April 2020, the Judicial Council, as authorized by the governor, adopted emergency rules for the COVID-19 pandemic. (See Cal. Rules of Court, appendix I, Emergency Rules Related to COVID-19 (Rule); *E.P. v. Superior Court* (2020) 59 Cal.App.5th 52, 54-56.) Rule 5 provided: "With the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf." (Rule 5(b)(2).) Rule 5 required the court to "accept a defendant's waiver of appearance or personal appearance when: [¶] (A) Counsel for the defendant makes an on the record oral representation that counsel has fully discussed the waiver and its implications with the defendant and the defendant has authorized counsel to proceed as counsel represents to the court; [¶] (B) Electronic communication from the defendant as confirmed by defendant's counsel; or [¶] (C) Any other means that ensures the validity of the defendant's waiver." (Rule 5(b)(2)(A)-(C).) "The court must accept defense counsel's representation that the defendant understands and agrees with waiving

any right to appear unless the court has specific concerns in a particular matter about the validity of the waiver." (Rule 5(c)(3).)

Rule 5 lapsed on June 30, 2022. (Rule 5(f).) The Legislature, however, amended section 977, effective June 30, 2022 — i.e., several months before Scott's October 27, 2022, hearing — to no longer require that the defendant's waiver of presence be made in a writing executed in open court. (Stats. 2022, ch. 57, § 12.) Section 977, subdivision (b)(2) now provides: "The waiver of a defendant's right to be … present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant *or by the defendant's counsel of record.*" (Italics added.) Amended section 977 further provides, "[a] waiver … may be entered by counsel, after counsel has stated on the record that the defendant has been advised of the right to be physically or remotely present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's physical or remote presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977, subd. (b)(2)(B).)

"An order denying a motion to set aside a bail forfeiture is reviewed under the abuse of discretion standard." (*People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144, 1147.)

American Surety contends that Scott's counsel did not comply with the necessary representations to the court to allow Scott to appear by counsel pursuant to section 977 and Rule 5. American Surety argues, "[t]he oral representations required under the emergency rules replaced the written requirements" of section 977. American Surety cites no authority for this proposition. As to what American Surety refers to as the "catchall provision" of Rule 5(b)(2)(c), American Surety maintains the record is silent as to " 'means used to ensure the validity of the waiver' " and contains only a "bare assertion" of section 977, which American Surety contends is insufficient. We conclude the trial court did not lose jurisdiction by failing to declare the bond forfeited on June 21, 2021, April 6, 2022, or October 27, 2022.

7

The record of the June 2, 2021, hearing supports compliance with Rule 5. The trial court stated Scott's counsel had been retained by Scott and questioned whether counsel would waive formal arraignment and stipulate to an advisement of rights, to which Scott's counsel applied in the affirmative. The minute order noted that defense counsel had been retained, waived advisement of rights, and appeared under section 977. The trial court accepted a similar section 977 waiver from the public defender for codefendant. Rule 5 does not require any specific language to be used but rather directs the trial court to "accept defense counsel's representation that the defendant understands and agrees with waiving any right to appear unless the court has specific concerns in a particular matter about the validity of the waiver." (Rule 5(c)(3).) Scott's counsel's representation waiving formal arraignment and advisement of rights implicitly represented that Scott was in contact with counsel and understood and agreed to waiving any right to appear at the arraignment. The trial court expressed no concerns about the validity of the waiver either as to Scott or codefendant.

The record of the hearing on April 6, 2022, also supports compliance with Rule 5. On April 6, counsel for Scott asked for continuance, explaining that Scott had recently settled a civil forfeiture case and was in a position to resolve the criminal matter, indicating significant contact between Scott and his counsel. The trial court stated that Scott's counsel had presented good cause for a continuance — acknowledging that counsel represented he had section 977 authority — asked if counsel had authority to continue to waive time for Scott, and accepted Scott's counsel's confirmation that he did. The trial court sought and received the same confirmation of authority from counsel for codefendant. Thus, the trial court accepted defense counsel's representation that Scott understood and agreed with waiver of the right to appear. (Rule 5(c)(3).) Once again, the court did not express any concerns about the validity of the waivers.

Moreover, section 1305.1 permits a trial court to continue a case without forfeiting the bond if it "has reason to believe that sufficient excuse may exist for the failure to

8

appear." Failure to appear without explanation is presumed to be without sufficient excuse. (*People v. North River Ins. Co.* (2019) 37 Cal.App.5th 784, 796.) Accordingly, "to retain jurisdiction over the bond in the face of a defendant's nonappearance, the trial court must have ' " 'some rational basis' " ' " to believe that sufficient excuse exists. (*Ibid.*) "What constitutes a sufficient excuse generally rests within the sound discretion of the trial judge." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906-907.) "Because each case presents its own unique set of circumstances the issue of whether the showing of excuse is sufficient is decided on a case-by-case basis." (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952.) "We review a trial court's finding of sufficient excuse for abuse of discretion." (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 479.) In so doing, we presume the order is correct, indulging all reasonable inferences to support it. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

Here, defense counsel informed the trial court at the April 6, 2022, hearing that the parties had agreed to a continuance to May 12, because they had recently settled a civil action and were in a position to resolve the criminal case by that date. The trial court deemed defense counsel's representation a "good cause basis" for a continuance. Counsel's representation also provided a sufficient excuse for Scott's failure to appear. " ' "In most situations involving a [section 1305.1] determination the only reasons before the trial court are the evidence or representations furnished by defendant's counsel. The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations." ' " (*People v. Ranger Ins. Co., supra*, 108 Cal.App.4th at p. 952.)

Finally, at the time of the October 27, 2022, hearing, Rule 5 no longer applied, but amended section 977, subdivision (b)(2) provided that "waiver of a defendant's right to be physically or remotely present … with the court's consent, may be entered … by the defendant's counsel of record." Defense counsel appeared as "Hendrick Cowell, II for Mr. Scott 977." After counsel for Scott's codefendant similarly waived her appearance

under section 977, the trial court thanked both defense counsel, indicating the court's consent to the waivers, which thus complied with the amended statute. Further, the prosecutor informed the trial court that, because new counsel for codefendant had recently received the case, the parties had agreed to a continuance, which the trial court then ordered. This representation also served as a sufficient excuse for Scott's nonappearance. (§ 1305.1; *People v. Ranger Ins. Co., supra*, 108 Cal.App.4th at p. 952.)

Based on the application of Rule 5, of section 977 as amended, and of section 1305.1, the trial court did not abuse its discretion in denying American Surety's motion to vacate forfeiture or in entering judgment on the bond.

## DISPOSITION

The order denying American Surety's motion to vacate forfeiture and exonerate the bond, and the trial court's entry of judgment on the bond are affirmed. The People shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
_____
EARL, P. J.

We concur:

/s/
_____
RENNER, J.

/s/
_____
WISEMAN, J.*

_____

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.